SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

May 31, 2024

Unique Smith
SBI #00792804
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: *State of Delaware v. Unique Smith,* Def. ID No. 2009007545
    Second Rule 61 Motion for Postconviction Relief (R-2)
    Second Motion for Appointment of Postconviction Counsel

Dear Mr. Smith:

On October 6, 2021, after a colloquy with me, you entered a guilty plea to charges of Manslaughter and Possession of a Firearm During the Commission of a Felony ("PFDCF"). On November 29, 2021, I sentenced you to 25 years at Level 5 for the Manslaughter offense, suspended after 12 years for decreasing levels of supervision, and 25 years at Level 5 for the PFDCF offense, suspended after 10 years for decreasing levels of supervision.

On February 17, 2022, you timely filed a Motion for Reduction of Sentence (the "Sentence Motion") under Superior Court Criminal Rule 35(b), asking that I

reduce your Level 5 time to between 8 and 12 years. On April 18, 2002, I denied this Sentence Motion, and the Delaware Supreme Court affirmed my decision on March 1, 2023.

On July 24, 2023, you filed your first *pro se* Motion for Postconviction Relief (the "First Motion") with me under Delaware Superior Court Criminal Rule 61. In the First Motion, you made certain allegations about ineffective assistance of counsel with respect to your representation by Benjamin S. Gifford, IV, Esquire ("Trial Counsel"). On July 26, 2023, you filed a First Motion for Appointment of Postconviction Counsel (the "First PCC Motion") in connection with the First Motion. On August 7, 2023, I denied both First Motions.

On May 28, 2024, you filed your second *pro se* Motion for Postconviction Relief (the "Second Motion") with me under Delaware Superior Court Criminal Rule 61. In the Second Motion, you made certain allegations about ineffective assistance of counsel with respect to your representation by Benjamin S. Gifford, IV, Esquire ("Trial Counsel"). Specifically, you argue that Trial Counsel failed to timely file a direct appeal with the Delaware Supreme Court, and that you were unaware of this failure until you filed the First Motion. On May 28, 2024, you filed a Second Motion for Appointment of Postconviction Counsel (the "Second PCC Motion") in connection with the Second Motion.

A threshold issue is whether the Second Motion is barred under one or more of the four (4) procedural bars of Rule 61.[1] If a procedural bar exists, as a general rule I will not address the merits of the Second Motion.[2] The Second Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[3]

First, the Second Motion exceeds time limitations if it is filed more than one (1) year after the conviction becomes final.[4] In this case, your conviction became final thirty (30) days after sentencing,[5] or December 29, 2021. Since your Second Motion was filed much more than a year after that date, it is barred by the one-year limitation.

Second, second or subsequent motions are not permitted unless they plead with particularity that new evidence exists that creates a strong inference that that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted, or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

[4] Super. Ct. Crim. R. 61(m)(1).

[5] Super. Ct. Crim. R. 61(i)(1).

invalid.[6]   Neither of those conditions are satisfied here. Since this is your Second Motion, consideration of the Motion is barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[7]  You do not assert new claims which were not raised at trial. Therefore, consideration of the Second Motion is not barred for "matters not asserted" below.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[8]  Your claim in your First Motion pertained to the alleged ineffective assistance of Trial Counsel for his failure with respect to certain surveillance video. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[9]  Thus, this bar did not apply to your First Motion. However, I found no ineffective assistance of counsel with respect to your

---

[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").

First Motion, so that claim has already been adjudicated. In your Second Motion you raise a different ineffective assistance of counsel claim, which I address below.

The procedural bars discussed above do not apply, however, if the Second Motion "pleads with particularity that new evidence exists that creates a strong inference that that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted, or pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[10] Your claim of ineffective assistance of counsel does not relate to these exceptions.

With respect to your Second PCC Motion, since it is made in connection with your Second Motion, Rule 61 provides that I may appoint postconviction counsel for you only if I determine that the Second Motion satisfies the pleading requirements discussed above for new evidence of actual innocence in fact or a new rule of constitutional law.[11] Neither is true in this case. Therefore, your Second PCC Motion is **DENIED**.

Even if I were to consider your claim of ineffective assistance of Trial Counsel despite the procedural bars, you are incorrect in your statement of that claim. You

---

[10] Super. Ct. Crim. R. 61(i)(5), referring to Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[11] Super. Ct. Crim. R. 61(e)(5).

state that Trial Counsel failed to timely file a direct appeal with the Delaware Supreme Court. This is incorrect. You pled guilty and were sentenced. Your Trial Counsel then filed a Motion for Reduction of Sentence on March 16, 2022, which was denied on April 18, 2022. Your Trial Counsel then filed an appeal of that ruling to the Delaware Supreme Court, which denied your appeal and affirmed my ruling on March 1, 2023.

You cast aspersions on Trial Counsel for failing to properly advise you of your appellate and postconviction rights. This is false. In his March 20, 2023 letter to you, Trial Counsel informed you that the Delaware Supreme Court had denied your appeal and advised you – correctly – of the Rule 61 process, which you then undertook. You cannot reduce your sentence by falsely blaming Trial Counsel, who represented you very well.

Your Second Motion is **DENIED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:     Prothonotary
        Kathleen Dickerson, Esquire, Deputy Attorney General

6